IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| JMARKUS CARRECTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 625-012 |
| | ) | |
| GEORGE HERRIN, JR., Deputy Director | ) | |
| of GBI; GREGORY C. DOZIER, GDC | ) | |
| Commissioner; and TYRONE OLIVER, | ) | |
| Current GDC Commissioner, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Plaintiff, incarcerated at Jenkins Correctional Facility in Millen, Georgia, when he

commenced this case and currently incarcerated at Baldwin State Prison, is proceeding *pro se*

and *in forma pauperis* ("IFP").  Because he is proceeding IFP, Plaintiff's complaint must be

screened to protect potential defendants.  Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir.

1984) (*per curiam*).

I.    **Screening the Complaint**

A.    **Background**

Plaintiff names the following three Defendants:  (1) George Herrin, Jr., Deputy Director

of the Georgia Bureau of Investigation ("GBI"); (2) Gregory C. Dozier, former Commissioner

of the Georgia Department of Corrections ("GDC"); and (3) Tyrone Oliver, the current GDC

Commissioner. (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff has provided a copy of one page of a two-page Official Report from the GBI Division of Forensic Sciences ("Forensic Report"), which appears to respond to a request for a CODIS Match from the Henry County Police Department regarding a case with Adrian Powe listed as a victim. (Id. at 8.) The evidence is listed as two cigarette butt(s) received on August 28, 2013, and two buccal swabs received on June 26, 2013. (Id.) The Forensic Report is dated December 19, 2013, and states, "DNA data from evidence in this case has been matched to the following convicted offender," who is named as Plaintiff. At one location on the Forensic Report, Plaintiff is identified by his current GDC number, and in another, he is identified by an FBI number and state identification number "GA4043501W." [1] (Id.) The letter head for the Report lists Defendant Herrin as the Deputy Director for the GBI, but there is no signature on the document. (Id.)

Although Plaintiff committed the armed robbery for which he was convicted on August 17, 2013, he was not assigned the GDC number which appears on Forensic Report until he was sentenced in 2018. (Id. at 5, 7.) Because the GBI and GDC are different agencies and only the GDC can assign a GDC number, Plaintiff alleges he was "targeted and stereotyped" by the GBI as a "convicted prisoner and enemy of the state" when he was actually a law-abiding citizen. (Id. at 5-6, 10.) Thus, Plaintiff is suing for defamation of character. (Id. at 5-6, 10.) Plaintiff seeks five million dollars in damages and a possible pardon, but he will settle for two and a half million dollars. (Id. at 11.)

---

[1] The FBI number and state identification number beginning with GA also appear on Plaintiff's Sentence Computation Report dated April 30, 2018. (Doc. no. 1, p. 7.)

**B.      Discussion**

**1.      Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.    Federal Subject Matter Jurisdiction

"[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Federal courts must always dismiss cases upon determining that they lack subject matter jurisdiction, regardless of the stage of the proceedings. Goodman *ex rel*. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001). To invoke the jurisdiction of the Court, a plaintiff must properly "allege the jurisdictional facts, according to the nature of the case." McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182 (1936).

"A federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). Under 28 U.S.C. § 1332, diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000. The party asserting jurisdiction has the burden of establishing that his cause lies within this limited grant of jurisdiction. Kokkonen v. Guardian

Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Here, the complaint is devoid of any federal

claim or cause of action and appears, in accordance with language used by Plaintiff throughout

the complaint, to be an attempt to bring a state law claim for defamation. (See doc. no. 1, pp.

5, 10.)

As to the remaining potential basis for federal jurisdiction, diversity of citizenship,

Plaintiff has not carried his burden. "Diversity jurisdiction requires complete diversity of

citizenship between all plaintiffs and defendants." Lawrence v. University Hosp., 773 F.

App'x 577, 578 (11th Cir. 2019) (*per curiam*) (citation omitted). Plaintiff is currently

incarcerated in Georgia, and he makes no allegation he had a different domicile prior to his

incarceration or that he plans to live elsewhere when he is released. See Mitchell v. Brown &

Williamson Tobacco Corp., 294 F.3d 1309, 1314 (11th Cir. 2002). Defendant has not pleaded

any information about the residency of any Defendant, each of whom are heads, or former

heads, of state agencies in Georgia. Therefore, even if the complaint supported Plaintiff's

conclusory assertion of five million dollars in damages, Plaintiff has not sufficiently pleaded

diversity of citizenship.[2]

Because Plaintiff has failed to plead sufficient facts to establish he is entitled to invoke

the jurisdiction of the federal courts, his case must be dismissed.

---

[2]For the sake of completeness, the Court also notes Plaintiff has not pleaded the four elements of a defamation claim under Georgia law: "(1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault by the defendant amounting at least to negligence; and (4) special harm or the actionability of the statement irrespective of special harm." Oskouei v. Matthews, 912 S.E.2d 651, 657 (Ga. 2025).

3.      **Even if There Were Federal Jurisdiction, the Complaint Is Subject to Dismissal Because Plaintiff Failed to Mention Any Defendant in His Statement of Claim**

Plaintiff fails to mention any named Defendant in his statement of claim and does not make any allegations associating any Defendant with a purported constitutional violation. (See generally doc. no. 1.) At best, Defendant Herrin's name appears in the letterhead of the Forensic Report, but even then, there is no allegation Defendant Herrin had anything to do with creating, or directing the creation of the report, let alone an explanation of the purpose of the report, how it was used, or how the various identification numbers came to be assigned and listed on the report. Therefore, even if Plaintiff had properly invoked federal jurisdiction, Plaintiff fails to state a claim against any Defendant. See Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); see also West v. Atkins, 487 U.S. 42, 48 (1988) (requiring in § 1983 case allegation of violation of right secured by Constitution or laws of United States by person acting under color of state law).

4.      **Plaintiff Must Seek Habeas Corpus Relief to Challenge His Conviction**

"[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement' . . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Federal habeas corpus statutes and § 1983 "are mutually exclusive: if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a § 1983 civil rights action." Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006). Thus, to the extent Plaintiff may be trying to raise a challenge to the conviction for which he is incarcerated by alleging he was a law-abiding

citizen prior to being targeted by the GBI, he may not do so in a case purportedly brought

pursuant to § 1983.[3]

## II.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case

be **DISMISSED** and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 18th day of July, 2025, at Augusta,

Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3]For the sake of completeness, the Court notes that any federal habeas corpus claims would be subject to all requirements of the Anti-Terrorism and Effective Death Penalty Act of 1996, including but not limited to the restriction on second or successive petitions, the one-year statute of limitation, and exhaustion of state court remedies. See 28 U.S.C. §§ 2244, 2254.