IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| JMARKUS CARRECTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 625-012 |
| | ) | |
| GEORGE HERRIN, JR., Deputy Director | ) | |
| of GBI; GREGORY C. DOZIER, GDC | ) | |
| Commissioner; and TYRONE OLIVER, | ) | |
| Current GDC Commissioner, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 16.) The Magistrate Judge recommended dismissing the case because Plaintiff failed to plead sufficient facts to establish he is entitled to invoke the jurisdiction of the federal courts, and even if there were federal jurisdiction, Plaintiff failed to mention any named Defendant in his statement of claim or make any allegations associating any Defendant with a purported constitutional violation. (See doc. no. 14.)

In his objections, Plaintiff clarifies the date and signatory of a Georgia Bureau of Investigation Report attached to his complaint, but he does not address the jurisdictional

analysis. (See doc. no. 16, p. 1.) Rather, Plaintiff acknowledges his claims are based on "defamation by slander," (id. at 2), which as the Magistrate Judge explained appears to be an attempt to bring a state-law based claim that does not satisfy the pleading requirements to invoke federal jurisdiction, (doc. no. 14, p. 5 & n.2). Moreover, Plaintiff argues the named Defendants are "supervisors of the company and staff that assigned [his Department of Corrections] number before it was legally suppose[d] to exist," and he did not otherwise "know who to blame." (Doc. no. 16, p. 2.)

Notably, however, supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (*per curiam*). "Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold any Defendants in a supervisory position liable, Plaintiff must demonstrate that they (1) actually participated in the alleged constitutional violation, or (2) there is a causal connection between the individual's actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff candidly admits he named the three supervisors because he did not "know who to blame." (Doc. no. 16, p. 2.) Thus, Plaintiff has not made any allegations in his complaint or objections that satisfies this

pleading standard such that the Court can identify any basis for holding any of these supervisory Defendants liable.[1]

Accordingly, the Court **OVERRULES** the objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** this case, and **CLOSES** this civil action.

SO ORDERED this _____ day of August, 2025, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1]For the sake of completeness, the Court also observes that because Plaintiff has not identified an underlying constitutional violation regarding the assignment of his Georgia Department of Corrections identification number, there can be no basis for *respondeat superior* liability. See Dang v. Sheriff, Seminole Cnty., Fla., 871 F.3d 1272, 1283 (11th Cir. 2017).

3